IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| GP HOSPITALITY GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 5:25-CV-133-H-BR |
| | § | |
| STARR SURPLUS LINES INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS WITHOUT PREJUDICE**

Plaintiff initiated this case by a Complaint filed June 23, 2025. (ECF 1). The presiding United States District Judge, James Wesley Hendrix, referred the case to United States Magistrate Judge Amy Burch for pretrial management and for "a hearing, if necessary, and a report and recommendation" on "[a]ll dispositive motions[.]" (ECF 4). The District Judge's referral for pretrial management was subsequently reassigned to the undersigned. (ECF 6).

Defendant appeared in this case on July 23, 2025 by a motion to dismiss without prejudice for lack of subject matter jurisdiction, alleging that Defendant is a corporation incorporated under Texas law. (ECF 7). After two extensions of Plaintiff's deadline to respond to Defendant's motion (*see* ECF 14, 16), Plaintiff filed a motion to dismiss this action without prejudice. (ECF 18).

The Federal Rules of Civil Procedure establishes that, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). The Fifth Circuit has ruled that dismissal for lack of subject matter jurisdiction should be made without prejudice. *E.g.*, *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020). The Federal Rules of Civil Procedure also allow cases to be dismissed by court order at the request of plaintiff "on

terms that the Court considers proper." FED. R. CIV. P. 41(a)(2).[1] The default manner of dismissal in this way is without prejudice. *Id.*

Accordingly, because the Court has not been shown to have subject matter jurisdiction, and because both parties have moved for the Court to dismiss this matter without prejudice, the undersigned United States Magistrate Judge RECOMMENDS that the presiding United States District Judge grant both Defendant's motion (ECF 7) and Plaintiff's motion (ECF 18) and dismiss this action without prejudice.

The parties have executed a Tolling Agreement, which Plaintiff attached to its motion. (ECF 14-1). Because the Court has not been shown to have subject matter jurisdiction to adjudicate the merits of this suit, this Recommendation does not address the effect of that Agreement.

ENTERED August 28, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. Service is complete upon mailing, FED. R. CIV. P. 5(b)(2)(C), or transmission by electronic means, FED. R. CIV. P. 5(b)(2)(E).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendations set forth by the Magistrate Judge and accepted by the District Judge. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

---

[1] There is an exception to the rule that does not apply to this case: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." FED. R. CIV. P. 41(a)(2).